09-CV-01784-CMP

UNITED STATES DISTRICT COURT
DISTRICT OF WASHINGTON
AT TACOMA

FILED _____ LODGED
_____ RECEIVED
APR 27 2010
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY

James A. Boyd,

  Plaintiff,

v.

Richard Morgan/Director of Prisons,
Ron Van Boening/Superintendent/MICC
    Defendants.

No. C09-1784-BHS/KLS

**PLAINTIFF'S FIRST AMENDED
COMPLAINT 42 U.S.C. § 1983:**

## I. PREVIOUS LAWSUITS:

  A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?: _X_Yes ___No

  B. If your answer A is yes, how many?: <u>about-9-</u> Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.) <u>ACCESS TO COURT/RELIGIOUS RETALIATION/CRUEL AND UNUSUAL PUNISHMENT/ VIOLATION OF FREE RELIGIOUS EXERCISE AND FALSE CHARGES.</u>

  1. Parties to this previous lawsuit:
    Plaintiff <u>BOYD V. LAMBERT, et. al., CT-00-5085-AAM
BOYD V. WOOD, CS-98-152-WFM/BOYD V. LEHMAN
NUMBER UNAVAILABLE/BOYD V. WOOD, 99-5040-
EFS/BOYD V. R. MORGAN, ET. AL., 04-CV-5042-MWL
BOYD V. B. MAGUIRE CT-02-5111-JLQ/ BOYD V.
LEHMAN, ET. AL., CO5-0020-JLR-MAT/BOYD V. VAN
BOENING C07-5599 FDB-KLS/BOYD V. C/O SPEARS
NO. 09-5408BHS/KLS</u>

1

2. Court (give name of District) <u>EASTERN AND WESTERN DISTRICTS/WASHINGTON</u>

3. Docket Number<u>CT-00-5085-AAM/CS-98-152WFN/</u>
   <u>CT-99-5040-EFS/CT-02-5111-JLQ/04-CV-5042-MWL</u>
   <u>CO5-0020-JLR-MAT/C07-5599-FDB-KLS</u>

4. Name of judge to whom case was assigned <u>AAM/WFN/EFS/ JLQ/MWL/JLR-MAT/UNAVAILABLE</u>

5. Disposition (For example: Was the case dismissed as frivolous or for for failure to state a claim? Was it appealed? Is it still pending?)
<u>DISMISSED/DENIED/VOLUNTARILY WITHDRAWN/DISMISSED</u>

6. Approximate date of filing lawsuit <u>UNAVAILBLE</u>

7. Approximate date of disposition <u>UNAVAILABLE</u>

## II. Place of Present Confinement: <u>Monroe Corrections Center/WSR</u>

A. Is there a prisoner grievance procedure available at this institution?
<u>X</u> Yes ____No

B. Have you filed any grievances concerning the facts relating to this complaint?   ___Yes  <u>X</u> No

C. Is the grievance process completed?   ___Yes  <u>X</u> No

D. Have you sought other informal or formal relief from the proper administrative officials regarding the acts alleged in this complaint?
<u>X</u> Yes ____No

If your answer is NO, explain why not <u>I filed an administrative appeal which was exhausted.</u>

## III. Parties to this Complaint:

A. Name of Plaintiff: <u>James A. Boyd</u>   Inmate No.: <u>#700291</u>
Address: <u>WSR-MCC P.O. Box 777-Monroe, Wa. 98272-0777</u>
(In Item B below, place the full name of the defendant, his/her official position, and places of employment of any additional defendants. Attach additional sheets if necessary.)

2

B. Defendant <u>Ron Van Boening</u> Official position <u>MICC/Superintendent</u>
place of employment <u>McNeil Island Corrections Center</u>
<u>P. O. Box 88900, Steilacoom, Wa. 98388-0900</u>

C. Additional Defendants (NOTE: these Defendants must be listed in the caption of the complaint) <u>Richard Morgan/Director for Prisons</u>
<u>Washington Department of Corrections/P.O Box 41100</u>
<u>Olympia, Wa. 98504-1100</u>

## IV. Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates, places, and other persons involved. <u>Do not give any legal arguments or cite any cases or statues.</u> If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

<u>(SEE ADDITIONAL SHEETS)</u>

3

## V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.)

(SEE ADDITIONAL SHEETS)


I declare under penalty of perjury that the foregoing is true and correct.
Signed this 25th day of April, 2010.

James N. Boyd #700291
(Signature of Plaintiff)

4

## IV  STATEMENT OF CLAIM ADDITIONAL SHEET

1.   The Plaintiff alleges constitutional violations such as, 14th Amendment Equal Protection Clause, and Racial Discrimination, and 5th Amendment Taking Clause/Taking Without Compensation under the color of State Law and Federal Laws, and Washington State Constitution.  (PARRTIES ARE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, UNDER THE COLOR OF STATE LAW.)   (PLAINTIFF REQUEST A JURY TRIAL.)

## EQUAL PROTECTION UNDER THE LAW AND RACIAL DISCRIMINATION

2.   Plaintiff, James A. Boyd, is an inmate housed at Monroe Corrections Center/Washington State Reformatory. Mr. Boyd submits this law suit in a sequential order relating to events by the defendants' against Boyd, such as racial discrimination and unequal treatment involving similarly situated African American inmates who have Caucasian wives who unfairly enjoy the privilege of extended family visits as oppose to Mr. Boyd and his wife, who both are African Americans excluded from EFV's based on their race at MICC.

3.   Mr. Boyd is an African American married to an African American woman since 2001. Mr. Boyd alleges that he was approved for extended family visits on April 13, 2009, while incarcerated at McNeil Island Corrections Center by Superintendent Ron Van Boening. Mr. Boyd paid $10.00 dollars for his extended family visits and was given a date for August 14, 2009 by C/O Williams to visit with his wife Mrs. Gloria Kemp Boyd, but was terminated by Defendant Van Boening because of their race. Defendant Van Boening alleged Boyd was terminated July 22, 2009, because Boyd had a violent history of sexual/physical assault behavior toward females, and lack of participation in offender programming to address that behavior.

5

4. Boyd's wife Mrs. Gloria Kemp Boyd complained through a family visiting representative Mrs. Moira Hennings O'Crotty April 2009 to Defendant Richard Morgan, regarding MICC-Counselor Joseph Lewandowsky losing Mr. Boyd's extended family visit application forms and also intentionally misplacing them to slow the processing of the forms. Defendant Morgan responded to Defendant Ron Van Boening regarding Mrs. Boyd's complaint; that he should call Mrs. Boyd at her home to clarify what was wrong. Before the Month of April 2009 was ended, Defendant Van Boening was thoroughly aware of Mr. Boyd's criminal history and his request for extended family visits when he approved Boyd's visits April 13, 2009 at MICC, after instructions from Defendant Morgan.

5. It appears that Defendant Van Boening did not have a problem with Boyd's prison record on April 13, 2009, when he reviewed Boyd's criminal history and approved Boyd's extended family visits. Boyd was never given any kind of notice for termination of his extended family visits. Boyd's wife, Mrs. Gloria Kemp Boyd, who is in bad health with cancer, called the visiting coordinator at MICC to verify what foods to bring to visit Boyd, and the visiting coordinator told Boyd's wife his extended family visits were terminated with no explanation, this was devastating to Mr. Boyd and his wife.

6. Offender Rodney Stoudamire #287492, Unit-D-412-1, is an African American offender located at McNeil Island Correction Center, his wife Larissa Stoudamire is Caucasian, and also attends the MICC family visitor Committee. Offender Stoudamire and Mr. Boyd both have violent crimes with life sentences and were seeking application for extended family visits in the same Month of April 2009 through a WSR/MCC family visiting representative name Mrs. Moira Hennings O'Crotty after a new Washington Department of Corrections Policy DOC 590.100 was create on February 27, 2009, which allowed offenders who were married after their incarceration

6

to enjoy the privilege of extended family visits. Defendant Van Boening approved offender Stoudamire for his extended family visits April 2009 at McNeil Island Corrections Center with the help of WSR/MCC family visiting representative Mrs. Moira Hennings O'Crotty.

7.   On June 26, 2009, just a few days later, an administrative bulletin AB-09-020 was implemented regarding DOC 590.100 Extended Family Visiting. This new bulletin revised the last Policy DOC 590.100 established on February 27, 2009. This bulletin stated that Offenders with homicide and /or serious assault charges or convictions are not eligible for EFV unless approved by appropriate Director (Richard Morgan).

Defendant Van Boening terminated Mr. Boyd's extended family visits when this administrative bulletin AB-09-020 was implemented regarding DOC 590.100 Extended Family Visiting, after Defendant Morgan had instructed Defendant Van Boening to investigate Mr. Boyd's EFV's for processing problems April 2009. Defendant Morgan's instructions to Defendant Van Boening to call Boyd's wife and investigate gave attention to Boyd's family visit request.

Offender Rodney Stoudamire was convicted of rape and murder, and has a long history of sodomy activity within the prison system. Offender Stoudamire was protected from termination of his extended family visits by Defendant Van Boening only because his wife is Caucasian and also a visiting committee participant for offender visitors at MICC who interacts with MICC officials regarding the visiting program at MICC. Defendant Van Boening acted with discriminatory racism and unequal treatment toward Mr. Boyd when he terminated Boyd's extended family visits as oppose to similarly situated African American inmates with violent crimes who have Caucasian wives, "specifically Offender Stoudamire" who unfairly still enjoys the privilege of extended family visits as oppose to Mr. Boyd who is an African American with an African American wife who's family visits were terminated with his wife based on race.

8. This kind of racist and unequal treatment toward Mr. Boyd predates Mr. Boyd's equal protection claim. A similar case was filed in the federal court by Offender Robert E. Johnson v. Harold Clarke et al., No. C05-5401-FDB/JKA-submitted June 13, 2005, before the United States District Court at Tacoma, Washington. This type of discriminatory misconduct has been a practice at McNeil Island Correction Center for years.

The administrative bulletin AB-09-020 implemented regarding DOC 590.100 Extended Family Visiting June 26, 2009, was applied racially by Defendant Van Boening to exclude Mr. Boyd and his wife who is African American from extended family visits at McNeil Island Correction Center as oppose to Offender Rodney Stoudamire and his wife Larissa Stoudamire who is caucasian.

9. The question before this court is whether Boyd has a constitutional right not to be discriminated against predicated on his race, and whether Boyd has the same rights to participate in WDOC extended family visiting program just as African American offenders who have Caucasian wives, "specifically Rodney Stoudamire who has the same violent crimes and length of sentence as Boyd, and was never screened after the new policy AB-09-020 was implemented regarding DOC 590.100 Extended Family Visiting June 26, 2009, and still enjoys continued participation in the extended family visiting program under the same status/policy Mr. Boyd was terminated under. The question here is; did Defendants' Van Boening and Morgan violate Boyd's constitutional right to equal protection?

10. Mr. Boyd appealed Defendant Van Boening's termination of his extended family visits to the Director of Prisons, Richard Morgan, Washington Department of Corrections August 1, 2009. (See Exhibit-1)

Boyd stated in his appeal that the reason his extended family visits were terminated was because he is an African American who is married to

8

an African American woman, and because he filed a law suit against a MICC officer.

11. Defendant Richard Morgan reviewed Boyd's appeal and responded August 21, 2009 that he affirmed termination of Boyd's family visits and based his decision on the extensive and violent nature of Boyd's crimes against women victims, as well as infraction record while incarcerated, and stated Boyd was not eligible to participate in the EFV program while incarcerated. (See Exhibit-2)

12. As indicated earlier, Boyd's wife Mrs. Gloria Kemp Boyd complained through a family visiting representative Mrs. Moira Hennings O'Crotty April 2009 to Defendant Richard Morgan, regarding MICC-Counselor Joseph Lewandowsky losing Mr. Boyd's extended family visit application forms and also intentionally misplacing them to slow the processing of the forms. Defendant Morgan responded to Defendant Ron Van Boening regarding Mrs. Boyd complaint; that he should call Mrs. Boyd at her home to clarify what was wrong. Before the Month of April 2009 was ended, Defendant Morgan was thoroughly aware of Mr. Boyd's criminal history and Boyd's request for extended family visits before he affirmed Defendant Van Boening's termination of Boyd's extended family visits. Defendant Morgan was also very aware when Boyd was approved by Defendant Van Boening for EFV's April 13, 2009 at MICC.

13. Mrs. Moira Hennings O'crotty personally interacted with Defendant Morgan regarding assisting to get Mr. and Mrs. Rodney Stoudamire's extended family visits processed. Defendant Morgan gave preferential treatment to Mr. and Mrs. Rodney Stoudamire who's wife is Caucasian and he is African American in regard to not being scrutinized by the AB-09-020 policy implemented regarding DOC 590.100 Extended Family Visiting June 26, 2009. Offender Stoudamire was never questioned for

termination of his family visits. Offender Stoudamire was shielded from termination by Defendants' Van Boening and Morgan because his wife is Caucasian.

14. To give an analogy; Mrs. Moira Hennings O'crotty is a family visiting representative at WSR/MCC. Mrs. Hennings complained to WDOC officials in 2009, right after her Offender husband Vernall Hennings at WSR/MCC and herself were approved for family visits; that "certain" violent offenders at WSR/MCC were being allowed extended family visits. Mrs. Hennings gave persuasive input toward the development of administrative bulletin AB-09-020, implemented June 26, 2009 to revise DOC 590.100 Extended Family Visiting, which terminated some offenders extended family visits who had violent crimes. This type of preferential practice by Defendant Morgan allowed an offender's wife (Mrs. Moira Hennings O'crotty) who is a family visiting representative at WSR/MCC to affect prison policy regarding other offenders family visits, Defendant Morgan racially applied administrative bulletin AB-09-020 toward Boyd and affirmed termination of Boyd's extended family visits at MICC, as oppose to Offender Rodney Stoudamire an African American and his wife Larissa Stoudamire who is caucasain and shielded their extended family visits. Mrs. Moira Hennings O'crotty and her African American Offender husband Vernall Hennings who is a three strike offender, also enjoy protection from being terminated from the extended family visiting program by the Director of Prisons, Defendant Morgan.

Defendant Morgan shielded Offender Rodney Stoudamire and his wife Larissa Stoudamire from termination of their visits while located at McNeil Island Correction Center. Offender Stoudamire and his wife enjoy preferential treatment from termination of their extended family visits because Mrs. Larissa Stoudamire is Caucasian.

15. Defendant Morgan racially discriminated against Mr. Boyd while demonstrating differential treatment base on race at MICC,

as oppose to similarly situated African American Offender Rodney Stoudamire and his wife Larissa Stoudamire who is caucasian. Offender Rodney Stoudamire and his wife Larissa Stoudamire who is caucasian unfairly enjoy the privilege of extended family visits at MICC, while Mr. Boyd who is an African American and his wife who is African American were excluded from extended family visits at McNeil Island Correction Center because Mr. Boyd's wife is black.

16. Defendants' Ron Van Boening and Richard Morgan violated Boyd's 14th Amendment right to be free from racial discrimination and unequal treatment under the color of law, with no penological interest.

## TAKING WITHOUT COMPENSATION

17. Mr. Boyd is an African American married to an African American woman since 2001. Mr. Boyd alleges that he was approved for extended family visits on April 13, 2009, while incarcerated at McNeil Island Corrections Center by Superintendent Ron Van Boening. Mr. Boyd paid $10.00 dollars for his extended family visits and was given a date for August 14, 2009 by C/O Williams to visit with his wife Mrs. Gloria Kemp Boyd, but was terminated by Defendant Van Boening because of their race.

18. Mr. Boyd was not compensated with the extended family visits that he paid $10.00 dollars for, and was properly scheduled to receive August 14, 2009, and his money was never returned to him. Boyd's extended family visits were terminated 7/22/2009, without any notice to him. Boyd's wife, Mrs. Gloria Kemp Boyd called the visiting coordinator C/O Williams at MICC to verify what foods to bring to visit Boyd, and the visiting coordinator informed Boyd's wife his extended family visits were terminated with no explanation, this devastated the Boyd family. Boyd filed proper administrative appeal to Director of Prisons, Richard Morgan,

requesting that his extending family visits be given back to him, because they were terminated for racially motivated misconduct by Defendant Van Boening. (See Exhibit-1) Defendant Morgan affirmed Defendant Van Boening termination of Boyd's extended family visits and fail to compensate Boyd for the $10.00 dollars he spent for his extended family visits. (See Exhibit-2)

19. Boyd filed proper tort claim #31073079, with the Risk Management Division 12/2/2009. Boyd alleged he and his wife's extended family visits were terminated by Defendant Van Boening and Defendant Morgan because of their race. The Risk Management Division declined to over turn Defendant Van Boening and Defendant Morgan's decision to terminate Boyd's extended family visits 12/10/2009. (See Exhibit-3) The Fifth Amendment is offended by the government taking property without just compensation.

Boyd has exhausted his administrative appeal and Tort Claim.

## V. REQUEST FOR RELIEF

A) Plaintiff petitions the Court for declaratory judgment that prevents Defendants' from committing any such acts of discrimination again.

B) Mr. Boyd petitions the Court for an order directing Defendant Ron Van Boening and Defendant Richard Morgan to pay punitive damages to Mr. Boyd in the amount of $25,000 twenty five thousand dollars, for their individual violation.

C) Mr. Boyd petitions the Court for an order directing Defendant Ron Van Boening and Defendant Richard Morgan to pay compensatory damages to Mr. Boyd in the amount of $25,000 twenty five thousand dollars, for their individual violation.

D) Mr. Boyd petitions the Court for an order granting plaintiff legal cost for all expense of copies an postage and time spent litigating involved in

the above complaint.

E)   Mr. Boyd petitions the Court for an order directing WDOC to reinstate Mr. Boyd's Extended Family Visits without unequal conditions.

## VI. CONCLUSION

Based on the foregoing facts, the plaintiff should be allowed to go forward in the above entitled Complaint Under 42 U.S.C. §1983 to present evidence and case law which supports his case.

I, __James A. Boyd__, declare under penalty of perjury that the above statement is true and correct.

Dated this 25th day of ___April___, 2010.

Submitted by ___James A. Boyd #700291___
James A. Boyd #700291
WSR/MCC-P.O. Box 777-C-317
Monroe, Washington 98272-0777

13

August 1, 2009                                                **EXHIBIT-1**

James A. Boyd #700291
McNiel Island Corrections Center
P.O. Box 88900--B-131-1
Steilacoom, Wa. 98388-1000


Washington Department of Corrections
C/O Richard Morgan/Director of Prisons
P.O. Box 41126
Olympia, Wa. 98504-1126

Re: Formal Appeal Of Termination Of Extended Family Visits At MICC.


Dear Sir,
This is a formal appeal of the most resent termination of my extended family visits initiated by Counselor Lewandosky at MICC. Mr. Lewandosky stated that he requested that my extended family visits be terminated because of my violent criminal history.
      It is clear that I am being discriminated and retaliated against because of my constant complaints against MICC Officer Spears, Counselor Lewandosky and my civil suit I filed against Officer Spears. Also, inmates with charges of rape, murder/rape, criminal acts against children and many violent crimes that are far worst than my charges, and these types of inmates are able to enjoy extended family visits with their wives and family members. White inmates married to white women, Mexican of the same race are able to enjoy extended family visits and they have violent crimes. There are no black inmates married to black women who enjoy extended family visits, because they are all denied. I am discriminated against because I am married to a black women who is a Muslim who wants to share our Islamic religious life together in extended family visits. I am denied this privilege because I am married to a black women. My record is no worst than the majority of inmates that enjoy extended family visits today. I deserve to participate in extended family visits as much as any of the above mentioned violent offenders in the WDOC system. Thank you.


Sincerely,

*James A. Boyd* (signature)



**EXHIBIT-2**

STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41100 • Olympia, Washington 98504-1100

August 21, 2009

Mr. James Boyd, DOC 700291
Monroe Correctional Complex-WSR
PO Box 777, CH2 / C317L
Monroe, WA 98272

Dear Mr. Boyd:

I have reviewed your appeal dated August 1, 2009, regarding the termination of your Extended Family Visiting (EFV) privileges. In your appeal, you state that you are being discriminated and retaliated against for complaining about certain McNeil Island Corrections Center (MICC) staff, and for filing a civil suit against a specific Correctional Officer. You go on to state that offenders with convictions for crimes far worse than yours, are allowed to participate in the EFV program. You also state that you are being denied EFV privileges for being married to a black woman.

From my review, I find that you were originally approved for participation in the EFV program at MICC in April 2009. In accordance with changes in the EFV policy, all offenders approved after 2/27/09, were reviewed based on the changes in the policy. Any offender whose criminal history included a homicide, serious assault or violence was reviewed and forwarded to the office of the Deputy Director of Prisons for final review. It was determined during this process that based on the extensive and violent nature of your crimes against women victims, as well as your infraction record while incarcerated, that you were not eligible to participate in the EFV program while incarcerated.

Based on my review, I find that you have presented no new information that has not been considered previously. Therefore, I am denying your appeal and affirming the decision to terminate your participation in the EFV program.

You have now exhausted your appeal rights for this Classification Action.

Sincerely,

Richard Morgan, Director
Prisons Division

RM:SJ:DEP-11082
cc:     Earl X. Wright, Deputy Director
        Ron Van Boening, Superintendent MICC
        Jimmy Evans, MCC Counselor
        Central File

*"Working Together for SAFE Communities"*

recycled paper



**STATE OF WASHINGTON**
## OFFICE OF FINANCIAL MANAGEMENT
RISK MANAGEMENT DIVISION

*300 General Administration Bldg • PO Box 41027, Olympia, WA 98504-1027*
*(360) 902-7303 • Fax (360) 586-1789 • www.ofm.wa.gov*

**EXHIBIT-3**

December 10, 2009

James Boyd 700291
Washington State Reformatory
PO Box 777
Monroe, WA. 98272

RE:  Tort Claim # 31073079

Dear James Boyd:

The Office of Financial Management, Risk Management Division, has reviewed the tort claim you filed against the state of Washington on 12/2/2009. Your claim alleges you suffered from racial and religious discrimination when your Extended Family Visits (EFV) were rescinded and terminated from 7/22/2009 through 7/30/2009.

Our review shows your EFV termination had nothing to do with religious or racial relate issues. Your EFV's were terminated based on Policy revisions regarding your extensive criminal record of sexual assaults and assaultive behavior towards your female victims.

Our review does not support a finding upon which to base any payment, as required under Chapter 4.92 RCW. Your tort claim against the state of Washington is respectfully declined.

Please contact me if you have any questions regarding this decision.

Sincerely,

Brian Agar
RMD Claims Investigator
(360) 902-7316

## WASHINGTON STATE REFORMATORY
## MONROE CORRECTION CENTER
## DECLARATION OF __James A. Boyd #700291__

**COUNTY OF** __King__

**STATE OF** __Washington__

    I, __James A. Boyd__, do declare that I am of sound mind, over the age of 18, and competent to be a witness to the foregoing facts. Do say and depose that the following declaration is true and correct.

1. Plaintiff, James A. Boyd, is an offender housed at Monroe Corrections Center/Washington State Reformatory. Boyd was incarcerated at the McNeil Island Correction Center between the year of 2008 until August 3, 2009.

2. Mr. Boyd is an African American married to an African American woman since 2001. Mr. Boyd alleges that he was approved for extended family visits on April 13, 2009, while incarcerated at McNeil Island Corrections Center by Superintendent Ron Van Boening. Mr. Boyd paid $10.00 dollars for his extended family visits and was given a date for August 14, 2009 by C/O Williams to visit with his wife Mrs. Gloria Kemp Boyd, but was terminated by Defendant Van Boening because of his wife's race.

3. Boyd's wife Mrs. Gloria Kemp Boyd complained through a family visiting representative Mrs. Moira Hennings O'Crotty April 2009 to Defendant Richard Morgan, regarding MICC-Counselor Joseph Lewandowsky losing Mr. Boyd's extended family visit application forms and also intentionally misplacing them to slow the processing of the forms. Defendant Morgan responded to Defendant Ron Van Boening regarding Mrs. Boyd's complaint; that he should call Mrs. Boyd at her home to clarify what was wrong.

4. Offender Rodney Stoudamire #287492, Unit-D-412-1, is an African American offender located at McNeil Island Correction Center, his wife Larissa Stoudamire is Caucasian, and also attends the MICC family visitor Committee. Offender Stoudamire and Mr. Boyd both have violent crimes and were seeking application for extended family visits in the same Month of April 2009 through a WSR/MCC family visiting representative name Mrs. Moira Hennings O'Crotty after a new Washington Department of Corrections Policy DOC 590.100 was create on February 27, 2009, which

1

allowed offenders who were married after their incarceration to enjoy the privilege of extended family visits. Offender Stoudamire was approved for extended family visits April 2009 at MICC by Defendant Van Boening.

5.  Defendant Van Boening terminated Mr. Boyd's extended family visits when this administrative bulletin AB-09-020 was implemented regarding DOC 590.100 Extended Family Visiting, after Defendant Morgan had instructed Defendant Van Boening to investigate Mr. Boyd's EFV's for processing problems April 2009. Defendant Morgan's instructions to Defendant Van Boening to call Boyd's wife and investigate gave attention to Boyd's family visit request, why Boyd was having a processing problem.

6.  Defendant Van Boening acted with discriminatory racism and unequal treatment toward Mr. Boyd when he terminated Boyd's extended family visits as oppose to similarly situated offenders, "specifically Offender Rodney Stoudamire and his wife Larissa Stoudamire who is caucasian " and still unfairly enjoy the privilege of extended family visits as oppose to Mr. Boyd who is an African American with an African American wife who's family visits were terminated with his wife because his wife is black.

7.  Mrs. Moira Hennings O'crotty personally interacted with Defendant Morgan regarding assisting to get Mr. and Mrs. Rodney Stoudamire's extended family visits processed. Defendant Morgan gave preferential treatment to Mr. and Mrs. Rodney Stoudamire who's wife is Caucasian and he is African American in regard to not being scrutinized by the administrative bulletin AB-09-020. Offender Stoudamire was never questioned for termination of his family visits. Offender Stoudamire was shielded from termination by Defendants' Van Boening and Morgan because his wife is Caucasian.

8.  Mrs. Moira Hennings O'crotty is a family visiting representative at WSR/MCC. Mrs. Hennings complained to WDOC officials in 2009, right after her Offender husband Vernall Hennings at WSR/MCC and herself were approved for family visits; that "certain" violent offenders at WSR/MCC were being allowed extended family visits. Mrs. Hennings gave persuasive input toward the development of administrative bulletin AB-09-020, implemented June 26, 2009 to revise DOC 590.100 Extended Family Visiting, which terminated some offenders extended family visits who had violent crimes. This type of preferential practice by Defendant Morgan allowed an offender's wife (Mrs. Moira Hennings O'crotty) who is a family visiting representative at WSR/MCC to affect prison policy regarding other offenders family visits, Defendant Morgan racially applied administrative bulletin AB-09-020 toward Boyd and affirmed termination of Boyd's extended family visits at MICC.

9. Mr. Boyd paid $10.00 dollars for his extended family visits and was given a date for August 14, 2009 by C/O Williams to visit with his wife Mrs. Gloria Kemp Boyd, but was terminated by Defendant Van Boening because of their race. Mr. Boyd was not compensated with the extended family visits that he paid $10.00 dollars for, and was properly scheduled to receive August 14, 2009, and his $10.00 dollars was never returned to him.

I, __James A. Boyd__, declare under penalty of perjury that the above statement is true and correct.

Dated this 25th day of April, 2010.

Submitted by _____
James A. Boyd #700291
WSR/MCC-P.O. Box 777-C-317
Monroe, Washington 98272-0777