1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

JAMES A. BOYD,

Plaintiff,

9

v.

10

11

RICHARD MORGAN and RON VAN
BOENING,

12

Defendants.

NO. C09-1784 BHS/KLS

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

13      Before the court is Plaintiff's second motion to amend his complaint.  ECF No. 30.

14  Having reviewed the motion, Defendants' opposition (ECF No. 31), Plaintiff's response and

15  additional authority (ECF Nos. 32 and 33), the court finds that the motion should be granted.

16                                    **BACKGROUND**

17      Plaintiff filed his original complaint on December 22, 2009.  ECF No. 5.  The

18  Defendants were not served with the original complaint.  ECF No. 19, p. 5.  Plaintiff moved to

19  amend his complaint and serve the Defendants.  ECF No. 18.[1]  The Second Amended

20  Complaint was filed on June 21, 2010.[2]  ECF No. 23.  In it, Plaintiff alleges discrimination,

21  unequal treatment, and a taking under the Fourteenth and Fifth Amendments relating to

22  Defendants' termination of his extended family visits.  ECF No. 23, p. 5.

23

24

[1] Plaintiff filed a "Request/Motion for First Amended Complaint" on April 27, 2010 (ECF No. 16) and
"Motion for Second Amended Complaint" on May 18, 2010 (ECF No. 18).  The court granted the second motion
and denied the first as moot.  ECF No. 22.

25

26

[2] The title "Second Amended Complaint" is a misnomer as there has only been one amendment to the
original complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Defendants filed answers to the Second Amended Complaint.  ECF Nos. 25 and 26. On July 29, 2010, the court issued a Pretrial Scheduling Order with a discovery deadline of January 28, 2011, dispositive motions deadline of March 25, 2011, and joint status report deadline of June 24, 2011.

Plaintiff now seeks to amend his complaint to add a claim of retaliation against Defendant Van Boening relating to Plaintiff's filing of grievances relating to the denial of his extended family visits.  *See* ECF No. 30-1, pp. 7-8.  Defendants object to the amendment on the grounds that Plaintiff previously filed three prior complaints,[3] the amendment would be futile because the claim is without merit.

### DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.*  Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

The proposed amended complaint includes the same Defendants, but includes the additional claim of retaliation against one of the Defendants.  The retaliation claim is based on grievances relating to the denial of extended family visits.  The denial of extended family visits also forms the basis for Plaintiff's equal protection and discrimination claims.  Dkt. 33. The claim is not futile even if Plaintiff has no protected liberty interest in extended family

---

[3] As noted above, Plaintiff has been permitted to amend his complaint only once.

visits, as Defendants claim, because Plaintiff need not allege a protected interest to state a claim of retaliation.  *See, e.g.*, *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.2005); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995).   He may base his retaliation claim on harms that would not raise due process concerns.  *Hines v. Gomez,* 108 F.3d 265 (9th Cir. 1997).  Plaintiff argues that the crux of his claims are not that his extended family visits were terminated, but that the termination was based on racial discrimination, was unequally applied, and that he was retaliated against when he filed grievances relating to the termination.  ECF No. 32, p. 2.

The parties have already had approximately three months to engage in discovery. However, only Plaintiff has engaged in the discovery process.  ECF No. 32, p. 3.  The discovery deadline does not expire until January 28, 2011.

There is no evidence that the proposed amendment will cause prejudice to the Defendants, that it is sought in bad faith, is futile, or will create undue delay.

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion to amend his complaint (ECF No. 30) is **GRANTED**.

(2)     The Clerk is directed to docket the "[Proposed] Third Amended Complaint" as Plaintiff's Third Amended Complaint.[4]

(3)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  15th   day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

---

[4] Although technically the second amended pleading, this latest complaint will be referred to as the "Third Amended Complaint" to avoid confusion.

ORDER GRANTING MOTION TO AMEND                                      3