1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BOYD,

                              Plaintiff,

        v.

RICHARD MORGAN and RON VAN
BOENING,

                              Defendants.

No. C09-1784 BHS/KLS

ORDER DENYING DEFENDANTS'
MOTION TO STAY AND DIRECTING
DEFENDANTS TO RESPOND TO
PLAINTIFF'S MOTION TO COMPEL

15

16

17

18

19

20

21

22

23

24

25

26

        Plaintiff filed a motion for summary judgment on January 24, 2011.  ECF No. 43.  On

February 11, 2011, Defendants filed a cross-motion for summary judgment and motion to strike

exhibits.  ECF No. 47.  In his complaint, Plaintiff asserts that his Extended Family Visitation

application was denied because his wife is African American; that another offender's EFV

application was approved because his wife is Caucasian; and that he was retaliated against

because he had previously filed grievances and a lawsuit against a corrections officer.

        On February 17, 2011, Plaintiff filed a motion to continue the summary judgment

motions and to compel discovery.  ECF No. 49.  In response, Defendants filed a motion to stay,

requesting that the court hold off on considering Plaintiff's motion to compel until after deciding

the pending motions for summary judgment.  ECF No. 51.  Defendants did not respond to

ORDER- 1

Plaintiff's contention that they have failed to produce "all Extended Family Visiting Action documents, with attached criminal history" and specifically "all Extended Family Visiting Action documents approved by all Superintendents from 2007 until July 2009 with violent crimes as Murder, Rape, Assault of any kind against adult females or children."  ECF No. 49, p. 3.

Plaintiff's previous motion to compel these documents was denied as premature based on representations made by Plaintiff and counsel for Defendants that they would confer in a good faith effort to amicably resolve any discovery issues.  ECF No. 41.  Plaintiff advises the court that he conferred with Defendants' counsel on January 27, 2011, but has not received the discovery documents requested.  ECF No. 49, p. 2.  Plaintiff contends that the discovery he seeks is relevant to his claim that Defendants have discriminated against him and that no EFV visits for African American couples were approved between 2007 and April 13, 2009.  *Id.*

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*

In addition, Rule 56(f) of the Federal Rules of Civil Procedure provides:

If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

ORDER- 2

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

A party seeking a continuance under Rule 56(f) must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987). *See also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to state the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts he hopes to discover to raise an issue of material fact").

Plaintiff has described what he seeks to discover and how he believes that discovery material is relevant to proving his claim of retaliation. Defendants are directed to respond to the substance of Plaintiff's motion.

Accordingly, it is **ORDERED**:

(1)    Defendants' motion to stay (ECF No. 51) is **DENIED.**

(2)    Defendants shall file their response to Plaintiff's motion to continue and to compel (ECF No. 49) on or before **March 28, 2011.**

ORDER- 3

(3)     Plaintiff's motion for summary judgment (ECF No. 43) and Defendants' cross-motion for summary judgment and motion to strike (ECF No. 47) shall be re-noted by the court upon resolution of the Plaintiff's motion to compel.

(4)     The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this _16th_ day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER- 4