UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BOYD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD MORGAN and RON VAN BOENING,<br><br>　　　　　　　Defendants. | No. C09-1784 BHS/KLS<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

Before the court is Plaintiff James A. Boyd's Motion to Compel. ECF No. 49. Mr. Boyd seeks production of information relating to his application for extended family visits (EFV) with his wife. Following review of the motion, Defendants' opposition, and balance of the record, the court finds that the motion should be granted, in part.

**BACKGROUND**

James Boyd was incarcerated at the McNeil Island Corrections Center (MICC) from 2008 until August 3, 2009. While at the MICC he requested visitation with his spouse under the Extended Family Visits (EFV) program of DOC. Defendant Van Boening approved the Plaintiff's request to participate in the EFV program on April 13, 2009 and the Plaintiff was given the dates of August 14 and 15, 2009 for the extended visit with his wife.

ORDER - 1

On June 26, 2009, DOC issued Administrative Bulletin AB-09-020 which required a re-review of all approved EFV's granted after February 27, 2009.  Mr. Boyd's application was re-reviewed and following that re-review, his request for an EFV was denied.

## HISTORY OF DISCOVERY DISPUTE

In his current motion to compel, Mr. Boyd now requests the following:

> [A]ll Extended Family Visiting Action documents, with attached criminal history specifically like the exhibit Plaintiff submitted in motion to compel. Plaintiff specifically request all Extended Family Visiting Act documents approved by all Superintendents from 2007 until July 2009 with violent crimes as Murder, Rape, Assault of any kind against adult females or children.

ECF No. 49, p. 3.

The request now before the undersigned most closely resembles Request for Production No. 1 set forth in the Plaintiff's Second Set of Interrogatories and Requests for Production found at ECF No. 38-2, p. 7.  The Defendants objected to that particular Request for Production on the grounds that the Defendants lacked personal knowledge and, in addition to several other objections, specifically objected that the requested production of History of Criminal Offenses of others may include records which are protected under the Washington State Criminal Records Privacy Act set forth at RCW 10.97.  The Defendants also asserted that the production of such records would be unduly burdensome because "DOC does not centrally or regularly maintain data and records as set forth in this Request for Production …Responsive documents, if any, are individually maintained in each offender's individual central file which is located in the facility in which that offender is housed."  This objection was signed by counsel dated September 27, 2010. ECF No. 38-2, p. 8.

The parties met telephonically on January 27, 2011 to discuss Mr. Boyd's request for the documents set out in the December motion to compel. ECF No. 58-2, p. 3.  At that time, Mr.

ORDER - 2

Boyd expressed a willingness to narrow his discovery request to include EFV Action forms and attached criminal histories for MICC only from 2007 through July 2009.  Defendants' counsel explained to Mr. Boyd that MICC had not electronically scanned the subject EFV Action forms and attached criminal histories into an electronic database and as a result it would be difficult and very costly to gather the records.  Counsel again objected to the production of criminal histories of other inmates on the grounds that disclosure was statutorily restricted.  ECF No. 58-2, p. 3.  The parties did not come to an agreement to produce additional documents.  *Id.*

However, according to the Declaration of Elizabeth Weinandt, she was able to personally review the personal characteristics screen in OMNI for each of the 42 offenders who were initially approved for EFVs after February 27, 2009.  Based on her review of those records, she was able to confirm that at least one MICC offender of African American heritage married to an African American spouse was initially approved for EFVs on April 14, 2009; that the offender did not have either serious assault charges or convictions, and that the Facility Resource Management Team's recommendation that his approval be upheld was upheld by the MICC Superintendent without Deputy Director approval.  ECF No. 48, p. 4.

**DISCUSSION**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request ... to inspect and copy any designated documents ... which are in the possession, custody or control of the party upon whom the request is served."  Fed.R.C.P. 34(a)(1).

To determine the relevancy of the information sought by Mr. Boyd, the court takes note of the facts set forth in Plaintiff's third amended complaint and various motions filed to date.  Mr. Boyd and his wife were married in 2000 after Mr. Boyd was convicted.  They applied for

ORDER - 3

Extended Family Visits (EFV) pursuant to DOC Policy 590.100.  Mr. Boyd's initial application was approved on April 13, 2009.  However, before Mr. Boyd and his wife actually participated in any EFV, the Administrative Bulletin (AB) of June 26, 2009 was published which required a re-review.  One of the criteria in the AB required Deputy Director approval for EFVS of offenders who were approved for EFVs after February 27, 2009 and who had "homicide or serious assault charges or convictions."  All facilities were required to re-review in accordance with the new criteria.  Upon re-review of Mr. Boyd's EFV application packet, he was disapproved for EFVs.  Prison officials state that this decision was based on Mr. Boyd's serious criminal convictions committed against female victims (First Degree Kidnapping (two counts); First Degree Rape (one count); and Indecent Liberties with Forcible Compulsion (five counts)), his prison disciplinary record, which included sexual harassment and assault against a female DOC nurse, and his pronounced lack of participation in programming.

Mr. Boyd contends that the denial of his EFV application was based on racial discrimination.  He contends his application was denied because his wife is African American, while another African American offender's EFV application was approved because that offender's wife is Caucasian.  Therefore, documents relevant to proving his claim of racial discrimination would be found, if at all, in the records of the 42 inmates at MICC[1] whose applications were approved after February 27, 2009 despite having convictions for violent crimes such as murder, rape or assault of any kind against adult females or children.

The Defendants are ordered to provide copies of Extended Family Visit Action forms in which extended family visits were approved by the Superintendent and/or Deputy Director at

---

[1] Limiting relevant documents to inmates housed at would appear reasonable as Plaintiff previously indicated a willingness to limit his request for production of records located at MICC.

ORDER - 4

MICC for inmates at MICC who have convictions for violent crimes including murder, rape, or assault of any kind against adult females or children, which approval occurred on or after February 27, 2009 through August 3, 2009.  The names of the inmates and family members and other personal identifiers may be redacted to preserve the privacy of the individuals.  The Defendants shall, to the extent they are reasonably able to determine the information, identify the race of the inmate and the race of the inmate's spouse.

The Court is not directing the Defendants to provide a criminal history of the inmate other than what information is already contained in the Extended Family Visit Action form.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion to compel (ECF No. 49) is **GRANTED IN PART.**  Defendants shall provide the documents, if any, described above **on or before May 6, 2011.**  The remainder of Plaintiff's motion to compel is **DENIED.**

(2) The Clerk is directed to **re-note** Plaintiff's motion for summary judgment (ECF No. 43) and Defendants' cross-motion for summary judgment (ECF No. 47) for **May 20, 2011.**

(3) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  18th   day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5