UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BOYD,

                Plaintiff,

v.

RICHARD MORGAN and RON VAN BOENING,

                Defendants.

No. C09-1784 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: July 8, 2011**

Before the Court is Plaintiff's motion for immediate injunctive relief. ECF No. 65. Having carefully reviewed the motion, Defendants' opposition (ECF No. 69), Plaintiff's Response (ECF No. 71) and Additional Authorities (ECF No. 73), and balance of the record, the Court finds that the motion should be denied.

## BACKGROUND

**A.    Summary of Claims**

James Boyd was incarcerated at the McNeil Island Corrections Center (MICC) from 2008 until August 3, 2009. While at the MICC he requested visitation with his spouse under the Extended Family Visits (EFV) program of DOC. Defendant Van Boening approved the Plaintiff's request to participate in the EFV program on April 13, 2009 and the Plaintiff was given the dates of August 14 and 15, 2009 for the extended visit with his wife.

REPORT AND RECOMMENDATION- 1

On June 26, 2009, DOC issued Administrative Bulletin AB-09-020 which required a re-review of all approved EFV's granted after February 27, 2009. Mr. Boyd's application was re-reviewed and following that re-review, his request for an EFV was denied.

In his Third Amended Complaint, Mr. Boyd asserts that Defendants Morgan and Van Boening denied his request for EFV at MICC because Plaintiff's spouse is an African American woman and as retaliation after Plaintiff filed grievances and a lawsuit against MICC staff. ECF No. 35, p. 5.

**B.    Motion for Preliminary Injuction and Relief Requested**

In his motion for preliminary injunction, Mr. Boyd complains of a transfer in April 2011 from the Washington State Reformatory to the Washington State Penitentiary.[1] ECF No. 65. He complains that his unit counselor Jimmy Evans, a Washington State Committee of Counselors, and Associate Superintendent D. Bustanoby approved the transfer over his objections that the transfer was retaliatory and even though they knew that his wife could not travel for visits due to her health. *Id.*, p. 2. He further complains that Kevin G. Bowen, DOC Head of Classifications, was incorrect in interpreting Mr. Boyd's 2051 parole eligibility date as the equivalent of Life without Parole, in order to have him housed in close custody. *Id.*, pp. 2-3. Finally, he complains that Dan Pacholke, the Deputy Director of Prisons, demoted him to close custody based on that false interpretation. *Id.*, p. 3.

Mr. Boyd seeks the following preliminary injunctive relief:

1.  For Defendants to "show why Boyd should not be physically located where his wife will be able to visit with him?" And why he is "confined to an areas that is hard on his medical illments [sic] and subjects him to harm?";

---

[1] On April 21, 2011, Mr. Boyd advised the Clerk of this Court that he is now housed at the Washington State Penitentiary in Walla Walla. ECF No. 66.

REPORT AND RECOMMENDATION- 2

2. To show cause why Plaintiff's custody level was demoted to close custody rather than medium custody which would permit him to receive visits from his wife;

3. For Defendants to release Plaintiff from administrative segregation;

4. For Defendants to provide Plaintiff with access to his legal materials and law books;

5. For the court to order DOC to cease and desist future retaliatory actions against him regarding his EFVs and pending litigation; and

6. For the court to stay all proceedings "until this matter is resolved."

Dkt. 65, p. 4.

Defendant Richard Morgan retired from the WDOC in July 2010. ECF No. 46-4. He returned to DOC as the Superintendent of MICC until April 2010. *Id.* Defendant Ron Van Boening retired from the DOC on December 31, 2010. ECF No. 46-3.

## DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, ---U.S. ----, ----, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) (*citing Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207, 2218-19, 171 L.Ed.2d 1 (2008)). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

In his motion for preliminary injunction, Mr. Boyd complains that Unit Counselor Jimmy Evans and Associate Superintendent Bustanoby approved his transfer from the Washington State

REPORT AND RECOMMENDATION- 3

Reformatory to the SCCC over his objections. He complains that Kevin G. Bowen and Dan Pacholke demoted him to close custody based on a false interpretation of his parole eligibility date. None of these individuals are Defendants in this action.

This Court does not have the authority to issue an injunction directed at an entity or persons who are not parties before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *United States v. Marshall*, 526 F.3d 1349, 1354 (9th Cir.1975); Fed.R.Civ.P. 65(d). Mr. Boyd filed this lawsuit against Richard Morgan and Ron Van Boening because they denied his request for extended family visits in 2009 when Mr. Boyd was incarcerated at the now closed MICC. Both of these Defendants retired from DOC in 2010. Mr. Boyd has not alleged any facts that would link either Defendant Morgan or Defendant Van Boening in any way to actions of the committee or persons named in his motion for preliminary injunction. Mr. Boyd has not alleged any facts from which it might be inferred that these Defendants were in any way involved in his recent transfer and reclassification. Moreover, while Mr. Boyd asserts that his transfer and reclassification is retaliation for litigating the present lawsuit, he does not allege any facts that would establish a link between the present lawsuit and the Committee's decision to recommend a transfer or Mr. Pacholke's decision to reclassify him to close custody. *See Pratt v. Rowland,* 65 F.3d 802, 807 (9th Cir. 1995) (finding prison transfer was not retaliatory when plaintiff presented "no probative evidence to establish a crucial link" between the transfer and plaintiff's exercise of his First Amendment rights).

Thus, Mr. Boyd's motion seeks to enjoin persons who are not parties to the present suit for conduct that is unrelated to the claims contained in his Amended Complaint. The Motion should be denied.

REPORT AND RECOMMENDATION- 4

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court **deny** Plaintiff's motion for preliminary injunction (ECF No. 65).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 8, 2011**, as noted in the caption.

**DATED** this 16th day of June, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5